WILLIAM W. HOWARD et al., Respondents, *v.* THE CITY OF NEW YORK, Appellant.

*Constitutional law — validity of chapter 813 of Laws of 1917 authorizing cities to purchase commodities for resale.*

. *Howard* v. *City of New York*, 199 App. Div. 596, re-argument ordered.

(Argued June 1, 1922; decided July 12, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 13, 1922, which reversed an order of Special Term denying plaintiffs' motion for judgment on the pleadings and sustaining a demurrer to the complaint. The following question was certified: " Does the complaint herein state facts sufficient to constitute a cause of action against the defendant? " The action was brought to recover the balance due upon the price of the sale of a cargo of salt herrings weighing 348,766 pounds at seven and one-half cents a pound and for damages sustained in the way of demurrage paid, for detention of the vessel for an unreasonable time, by reason of the failure to remove the cargo within a reasonable time. The contract for the purchase of the

salt herrings was signed by the commissioner of public markets. The defendant demurred to the complaint and to each of the causes of action therein alleged, on the grounds of insufficiency (1) because it does not appear on the face of the complaint that the contract was made in compliance with the provisions of the New York charter, and that the contract is, therefore, void; (2) that the conditions prevailing at the time that the legislature passed chapter 813 of the Laws of 1917 did not call for the purchase of food by the city's agent without the observing of the charter provisions. The Appellate Division held that the charter provisions did not apply to purchases made pursuant to said statute.

*John P. O'Brien, Corporation Counsel (John F. O'Brien, Henry J. Shields* and *Harold Taylor* of counsel), for appellant.

*Douglas Mathewson* and *Henry H. Spitz* for respondents.

*Per Curiam.* For some reason the question has not been raised whether the statute (L. 1917, ch. 813) under which recovery has been allowed in this action is constitutional so far as it permits municipalities to purchase on credit commodities for resale. Under the provisions of the Constitution, especially article 8, section 10, which provides that no city shall be allowed to incur any indebtedness except for city purposes, this question necessarily arises and as it involves considerations of general interest and public policy, we feel that it may not be waived by the appellant but should be considered by the court. Re-argument ordered. The question which the court desires to have argued is whether chapter 813 of the Laws of 1917 conflicts with the provisions of the Constitution of the state of New York, especially article 8, section 10.